UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 0122 |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | |
| KEVIN WADDELL | ) | |

**MOTION FOR PRODUCTION OF FAVORABLE
EVIDENCE PURSUANT TO *BRADY v. MARYLAND***

Kevin Waddell, defendant herein, by and through his attorney, Gary Ravitz, respectfully seeks entry of an order, pursuant to Rule 16(a)(1)(c) of the Federal Rules of Criminal Procedure (documents "material to the preparation of the defense"), *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976) and *Giglio v. United States*, 405 U.S. 150 (1972), directing the government to disclose and produce to him all favorable evidence within its possession, custody or control, or the existence of which is known or, by the exercise of due diligence, could become known to the government, including but not limited to the following:

1.     Any statement, notes, reports, evaluations, examinations summaries, memoranda or writings made by any individual, or maintained by any governmental agency, including any hospital, treatment or counseling center, administrative or judicial body relating to Kevin Waddell.

2.     Records, files and transcripts of any federal or state court criminal, juvenile or civil proceeding of any type, or any administrative proceeding, involving Kevin Waddell.

3.     Evidence which could be used to impeach or discredit any potential government witness, including, but not limited to, such witness' inconsistent statements (including inconsistent statements *between* witnesses), statements exhibiting bias or prejudice against Mr. Waddell,

1

admissions concerning such witness' poor memory, and any document used to refresh such witness' recollection. The evidence or information requested includes, but is not limited to, the following:

A. Criminal Records and the like

Any and all records and information concerning any arrests, convictions, court dispositions, juvenile adjudications, and any potential witness' "rap sheet". In addition, Mr. Waddell requests the records of any civil or administrative proceeding in which a witness was a party or a witness, including, but not limited to, any juvenile court, adoption court or immigration proceeding.

B. Other Misconduct or Bad Acts

(1) Any and all records and information regarding any misconduct or bad acts of, by, or attributed to, a potential witness, regardless whether the witness admits the misconduct or bad acts.

(2) Any and all investigative files of the FBI, or of any other federal, state or local governmental agency, relating to its investigation of any offense for every potential witness for the government.

C. Immunity, Plea Agreements, and Other Benefits

(1) Evidence of any consideration, or promises of consideration, given to any witness, or expected, or hoped for, on the part of such witness. By "consideration," Mr. Waddell refers to anything, whether bargained for or not, which could be of value or use to a witness, or to persons of concern to that witness, including but not limited to plea agreements, formal or informal; direct or indirect leniency; favorable treatment or recommendation or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, court of claims, administrative, immigration or other dispute with the government or other entity or party; criminal, civil or tax grants of immunity; relief from forfeiture; payments of money, rewards or fees, witness

fees and special witness fees; provision for food, clothing, shelter, transportation, legal services or other benefits; placement in a "witness protection program;" informer status for a witness; and anything else which arguably could reveal an interest, motive or bias in the witness in favor of the government, or against the defense, or act as an inducement for a witness either to testify or to color his/his testimony.

(2) Copies of statements, if any, submitted by the government, or intended for submission by the government, to the pretrial services department, probation department of the United States District Court or any other federal, state or local government or agency on behalf of a witness who has been sentenced, or who is presently awaiting sentencing, or who has agreed to testify or cooperate in any way with this prosecution.

D. <u>Inconsistent or Exculpatory Statements of Witnesses</u>

(1) Identify any and all occasions on which a witness made:

    a. a statement inconsistent with any other statement made by that witness;

    b. a statement inconsistent with his predicted trial testimony;

    c. a statement that he had no knowledge of the alleged crimes;

    d. a statement that he was not involved in any criminal activity;

    e. a statement that the defendant was not involved in any criminal activity, including, but not limited to, the charged criminal activity, or, that the defendant's involvement was in any manner caused by duress, coercion or government inducement;

    f. a statement inconsistent with any other statement made by any other person or any other witness, irrespective of whether that person or witness will be called to testify by the government.

(2) As to each occasion above, identify and provide any notes, written statements, summaries of statements, or memoranda of such statements. If no written record exists, please identify the date(s), place(s) and persons present for each statement and set forth a summary of the statement.

E. <u>Potential Prosecutions</u>

Any and all discussion in any context, coercive or non-coercive, or any threats or coercion, express or implied, direct or indirect, regarding criminal prosecutions or investigations, potential prosecutions, forfeitures, administrative actions, deportation proceedings, or actions presently pending, or which could be brought, against the witness whether made directly to the witness or to his attorney or representative; any probationary, parole, deferred prosecution or custodial status of the witness; and any civil, internal revenue, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has real, apparent or perceived influence.

F. <u>Personnel and Other Files</u>

Any and all personnel files for a witness; the existence and identity of all federal, state and local government files for the witness; the existence and identity of all internal affairs, internal

investigation or public integrity investigation files concerning a witness; the existence and identity of any investigation or misconduct by an employer, or other entity or person, concerning a witness; and the existence and identity of any complaints regarding misconduct by a witness.

G. <u>Alcoholism, Drug Use, Psychiatric History, Physical History</u>

Any and all information, records, or documents, whether oral or recorded, related to any witness:

(1) physical symptoms, problems, examinations, treatments and/or hospitalizations;

(2) mental, emotional, or behavior problems, symptoms, treatment, or examinations, or hospitalizations, including but not limited to psychiatric or psychological disorders;

(3) alcoholism or use of alcohol, including but not limited to symptoms, examinations, treatment, or hospitalization for alcoholism, alcohol abuse, use of alcohol, or any alcohol related disorder, whether physical, mental or behavioral.

(4) drug addiction or use of drugs, including but not limited to cocaine, marijuana, amphetamines, prescription of non-prescription drugs, heroin, including but not limited to use of, symptoms of, examination for, treatment for, or hospitalization for use or abuse of such substances.

5. Whether the veracity of a witness has been submitted to polygraph or other veracity-probing examination, and if so, the full reports of such examination.

6. Whether the government has endeavored to corroborate any information provided by a witness and has discovered any inconsistent evidence .

WHEREFORE, Kevin Waddell respectfully seeks order directing the government to disclose the evidence requested in this motion.

        Respectfully submitted,

        s/ Gary Ravitz

        _____

        Gary Ravitz, attorney for Kevin Waddell

Ravitz & Palles, P.C.
203 N. La Salle, Ste. 2100
Chicago, Illinois 60601
(312) 558-1689