UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 0122 |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | |
| KEVIN WADDELL | ) | |

**MOTION AND MEMORANDUM FOR PRE-TRIAL
PRODUCTION OF JENCKS MATERIALS**

Kevin Waddell, defendant herein, by and through his attorney, Gary Ravitz, respectfully moves for entry an order directing the government to produce information subject to 18 U.S.C. §3500, and a witness list, at least thirty (30) days prior to trial, and in support states:

1. The Jencks Act provides that written or recorded statements of a government witness must be provided to the defendant, 18 U.S.C. §3500(b). The Act does not provide a defendant with an opportunity to obtain the statements of a government witness until after the witness has testified on direct examination, 18 U.S.C. §3500(a). However, the statute further provides that:

> [w]henever any statement is delivered to a defendant pursuant to this section, the court in its discretion, upon application of said defendant, may recess proceedings in the trial for such time as it may determine to be reasonably required for the examination of such statement by said defendant and her preparation for its use in the trial.

18 U.S.C. §3500.

The government has produced voluminous discovery. Nonetheless, based solely on the large number of defendants, the Jencks material will be substantial. For this reason, if Jencks material is not produced to Mr. Waddell in advance of trial, the trial will be protracted and he will be deprived of his right to effective assistance of counsel. Although such information is protected from routine pretrial disclosure by the Jencks Act, given the circumstances, it is not unreasonable to request that

the government be ordered to disclose it as far in advance of trial as due process may practically permit in order for the defense to make fair use of it. *See United States v. Narciso*, 446 F. Supp. 252, 271 (E.D. Mich. 1976) ( finding that pretrial disclosure was in the "interests of due process of law, effective assistance of counsel, and the fair and efficient conduct of criminal trials...."); *United States v. Houston*, 339 F. Supp. 762, 765-766 (N.D. Ga. 1972); *United States v. Eley*, 335 F. Supp. 353, 358 (N.D. Ga. 1972); *United States v. Gleason*, 265 F. Supp. 880, 887 (S.D. N.Y. 1967); *cf. United States v. Campagnulo*, 592 F.2d 852 (5th Cir. 1979).

> In ordering early pretrial disclosure, the judge in *Narciso* observed:
>
> [I]n view of the complexity of the case and the large number of witnesses, strict adherence to the schedule imposed by the Jencks Act can be expected to lengthen the trial considerably beyond its currently projected four to six months length. Needless to say, the recesses occasioned by the delayed production of Jencks Act material, caused by the necessity of giving defense counsel time to assess the 302's so that adequate assistance of counsel can be afforded, will seriously hamper the efficient, orderly and fair conduct of the trial. The subject of the trial will be difficult enough for the parties, the Court and jurors to assimilate without the added hindrance of numerous delays....
>
> Delays in the trial process because of repeated recesses can interfere with the fair administration of criminal justice....More significantly, denial of the information requested here, because of an overly strict adherence to the Jencks Act raises potential deprivations of due process and effective assistance of counsel.

446 F. Supp. at 270-271. Accordingly, the judge concluded that "when fundamental constitutional guarantees are involved, the statutes of Congress must give way to the enforcement of the constitutional right." *Id*.

      2.      Mr. Waddell and a host of defendants are charged in this case with narcotics He anticipates that charged and uncharged alleged participants may be called to testify by the government. Since the identities of these individuals are known, there is no compelling justification to withhold their statements. The pretrial disclosure of a witness list and witness statements will avoid unnecessary delay during the trial itself. In short, the same reasoning that supported the judge's order in *Narciso* applies with equal force here.

      WHEREFORE, Kevin Waddell respectfully requests that the government be ordered to produce witness statements, and a witness list, at least thirty days before trial.

      Respectfully submitted,

      s/ Gary Ravitz

      _____

      Gary Ravitz, attorney for Kevin Waddell

Ravitz & Palles, P.C.
203 N. La Salle, Ste. 2100
Chicago, Illinois 60601
(312) 558-1689