UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  08 CR 0122 |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | |
| KEVIN WADDELL | ) | |

**MOTION FOR PRODUCTION OF STATEMENTS OF CO-CONSPIRATORS**

Kevin Waddell, by his attorney, Gary Ravitz, pursuant to Rules 16(a)(1)(A), 16(c)(1)(C), and 16(d) of the Federal Rules of Criminal Procedure, moves that this Court order production of statements made by any indicted or unindicted co-conspirators be disclosed to him.  In support of this motion, he states as follows:

1.     Any post-conspiracy statement of any co-conspirator must be disclosed so that Waddell can effectively prepare a defense.  Moreover, Waddell' request for post-conspiracy statements relies in part on *Bruton v. United States*, 391 U.S. 123 (1968).  In order for any appropriate *Bruton* motion to be filed on his behalf, Mr. Waddell must be aware of the existence of any statements which may have been made by any indicted co-conspirator.

2.     Any statements of a co-conspirator made prior to the termination of the conspiracy, and in furtherance of the conspiracy must be disclosed insofar as the government, pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence, intends to introduce such statements as substantive evidence against Waddell.

1

3.      Any statements of co-conspirators which the government does not intend to use at trial must also be produced in order to permit Waddell an effective defense and to permit him to assess if such statements may constitute *Brady* material which could be used in his defense. *United States v. Turkish*, 458 F.Supp. 874 (S.D.N.Y. 1978); *United States v. Fine*, 413 F.Supp. 740 (W.D. Wis. 1976).

4.      In general, this motion relies on *United States v. Agnello*, 367 F.Supp. 44 (E.D.N.Y. 1973). Waddell needs to know of the existence of any such co-conspirator statements in advance of trial in order that appropriate motions *in limine* may be filed and in order to prepare particularized rebuttals to the admissibility of such statements. *See United States v. Petrozzielo*, 548 F.2d 20 (1st Cir. 1977), and *Dutton v. Evans*, 400 U.S. 74 (1970).

WHEREFORE, Kevin Waddell respectfully moves for the production of statements made by any indicted or unindicted co-conspirators.

Respectfully submitted,

s/ Gary Ravitz

_____
Gary Ravitz, attorney for Kevin Waddell

Ravitz & Palles, P.C.
203 N. La Salle, Ste. 2100
Chicago, Illinois 60601
(312) 558-1689